NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY a/s/o PARAGON VILLAGE, LLC, | |
| Plaintiff, | Civil Action No. 08-3513 (GEB) |
| v. | **MEMORANDUM OPINION** |
| FDC FIRE PROTECTION, Inc., | |
| Defendant/Third Party Plaintiff, | |
| and | |
| W.J. MALONE ASSOCIATES, Inc., | |
| Defendant/Third Party Plaintiff, | |
| and | |
| MSG FIRE & SAFETY, Inc., | |
| v. | |
| Defendant/Third Party Defendant. | |

**BROWN, Chief Judge**

This matter comes before the Court upon the defendant MSG Fire & Safety, Inc.'s ("MSG") motion to dismiss third party complaints of FDC Fire Protection, Inc. ("FDC") and W.J. Malone Associates, Inc., ("W.J. Malone") (Doc. No. 38), MSG's motion to dismiss third party complaint of W.J. Malone (Doc. No. 40), and FDC's and W.J. Malone's motion to dismiss

1

(Doc. Nos. 44, 46). The Court has reviewed the parties' submissions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant FDC's and W.J. Malone's Motion to Dismiss (Doc. Nos. 44, 46) for lack of jurisdiction, and will deny MSG's motions to dismiss (Doc. Nos. 38, 39, 40) as moot.

## I.  BACKGROUND

This matter involves a sprinkler suppression system in use at Paragon Village, LLC, located in New Jersey, which is the subrogee of Plaintiff Landmark American Insurance Company ("Landmark-Paragon"). According to the Amended Complaint, the defendant FDC "was engaged in the business of . . . installing, inspecting, testing and servicing fire sprinkler systems;" the defendant MSG "was engaged in the business of . . . designing, installing, inspecting, testing and servicing fire sprinkler systems;" and the defendant W.J. Malone "was engaged in the business of . . . installing, inspecting, testing and servicing fire sprinkler systems." (Amended Compl. ¶¶2, 3, 4.) Landmark-Paragon filed its Complaint in this Court on July 14, 2008, and alleged that due to "the negligence, carelessness and negligent omission" of the defendants, "a sprinkler pipe ruptured . . . resulting in substantial damages to plaintiff's subrogor's property and caused plaintiff's subrogor to incur additional damages as a result of the loss of rents." (Compl. ¶¶ 10, 14; Doc. No. 1.) In addition, Plaintiff Landmark-Paragon stated that Defendants "expressly and/or impliedly warranted to plaintiff's breached this warranty. (Id. at ¶ 17, 19.) The Complaint named only FDC and MSG initially as Defendants. (Id.) FDC filed an Amended Answer on September 9, 2008, and also asserted cross-claims against MSG. (Amended Answer; Doc. No. 10.)

When Plaintiff Landmark-Paragon filed its Amended Complaint on January 29, 2009, Plaintiff added W.J. Malone as a Defendant. (Doc. No. 16.) Thereafter, MSG filed its Answer to the Amended Complaint and to FDC's cross-claims. (Doc. No. 19.) On April 22, 2009, W.J. Malone filed its Answer to the Amended Complaint and to the cross-claims. (Doc. No. 28.) The Court, by consent order, permitted certain cross-claims to be converted into third party complaints on June 2, 2009. (Doc. No. 32.) MSG, on October 12, 2009, filed a motion to dismiss the third party complaints. (Doc. No. 38.) MSG filed another motion to dismiss and an amended motion to dismiss on October 21, 2009. (Doc. Nos. 39, 40.) On November 18, 2009, FDC filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7), and impliedly pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff Landmark-Paragon submitted a letter, dated December 7, 2009, in which it stated that it would not be filing opposition to FDC's motion to dismiss. (Doc. No. 45.) In addition, W.J. Malone filed a letter dated December 8, 2009, in which it joined in FDC's motion to dismiss. (Doc. No. 46.)

**II.     DISCUSSION**

    **A.     FDC's Motion to Dismiss**

FDC brings this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) and impliedly pursuant to Federal Rule of Civil Procedure 12(b)(1). FDC asserts that Landmark-Paragon alleges that an incident occurred on December 9, 2006, wherein a sprinkler pipe ruptured and caused damage to the property "Building No. 2 a/k/a Morris Hall." (FDC's Br. at 1; Doc. No. 44.) FDC asserts that Landmark-Paragon filed its complaint in federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. (Id.) However, FDC maintains that

"an incident involving the same sprinkler system, in the same building, occurred prior to the incident giving rise to [the instant action]," and a complaint regarding that incident was filed in state court and brought by Executive Risk Specialty Insurance Company as subrogee of Paragon ("Executive Risk-Paragon"). (Id.) FDC argues that Executive Risk-Paragon is a necessary party pursuant to Federal Rule of Civil Procedure 19(a)(1) because complete relief cannot be accorded among those already parties. (FDC's Br. at 5-7; Doc. No. 44.) FDC alternatively argues that Executive Risk-Paragon has a substantial interest in the resolution of Landmark-Paragon's claims; that separate lawsuits will impair Executive Risk-Paragon's ability to prosecute their own cause of action; that separate lawsuits may result in double, multiple, or otherwise inconsistent obligations; and that Executive Risk-Paragon is an indispensable party. Finally, FDC argues that the Amended Complaint should be dismissed because diversity jurisdiction no longer exists in this matter.

### 1. Standards of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(7) addresses whether a plaintiff failed to join an indispensable party under Federal Rule of Civil Procedure 19. FED. R. CIV. P. 12(b)(7). Federal Rule of Civil Procedure 19 is a compulsory joinder rule which states that in order to join a party, that party must be "needed [necessary] for just adjudication." FED. R. CIV. P. 19. There are three situations in which a proposed party can be found necessary to a civil litigation: (1) if without joinder, complete relief could not be accorded among those already parties (4 Moore's Federal Practice, § 19.03[2] (Matthew Bender 3d ed.)); (2) the proposed party claims an interest relating to the subject of the action (4 Moore's Federal Practice § 19.03[4]

4

(Matthew Bender 3d ed.)); or (3) if without joinder, the existing defendants are subjected to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations (4 Moore's Federal Practice § 19.02[3][b] (Matthew Bender 3d ed.)). The rule "seeks to avoid unnecessary, multiple litigation, to provide complete relief to the parties before the court, and to protect the rights and interests of absent parties." CBS, Inc. v. Film Corp. of Am., 545 F. Supp. 1382, 1389 (E.D. Pa. 1982).  However, the Third Circuit Court of Appeals has repeatedly held that simply because a party has a right to contribution or indemnity from a non-party does not render the latter indispensable under Rule 19.  General Refractories Co. v. First State Ins. Co., 500 F.3d 306 (3d Cir. 2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's "authority or competence to hear and decide the case before it." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice And Procedure § 1350 (3d ed. 2004). In the absence of subject matter jurisdiction, this Court is without power to hear the case. See Cohen v. Kurtzman, 45 F. Supp. 2d 423, 429 (D.N.J. 1999). The party asserting jurisdiction bears the burden of demonstrating that jurisdiction is proper. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993) (citations omitted). Moreover, the Court is obligated to examine the issue of subject matter jurisdiction even if the parties concede the existence of jurisdiction. See Pa. Nurses Ass'n v. Pa. State Educ. Ass'n, 90 F.3d 797, 801 (3d Cir. 1996). In making its determination, the Court is not confined to examining the face of the pleading, but may consider other evidence demonstrating the existence or lack of jurisdiction, and may make factual findings when necessary to the extent that there are disputes of fact. See Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990). "There are two types of

Rule 12(b)(1) motions, those which attack the complaint on its face and those which attack the existence of subject matter jurisdiction in fact, quite apart from any pleading." Cohen, 45 F. Supp. 2d at 428 (citations and internal quotations omitted). Under a facial attack, the allegations of the complaint are taken as true. Id. In a motion attacking "the existence of subject matter jurisdiction, however, no presumptive truthfulness attaches to the allegations" in the complaint. Id.

        2.     Analysis

Here, there is no opposition to FDC's argument that Executive Risk-Paragon should be joined as a party.  FDC asserts that Executive Risk-Paragon filed a complaint in state court in 2006, alleging that they represent Paragon in relation to another, similar incident involving the same fire suppression system.  FDC asserts that Executive Risk-Paragon and Plaintiff Landmark-Paragon are both subrogees of Paragon and both this suit and the state suit involve different incidents involving the same sprinkler suppression system.  Having considered FDC's and W.J. Malone's submissions, the Court holds that Executive Risk-Paragon should have been joined as a party because complete relief cannot be accorded among those already named as parties to this matter.  The alleged incident that is the basis for Executive Risk-Paragon's state court action allegedly occurred prior to that asserted here by Plaintiff Landmark-Paragon.  Any action, inaction, or knowledge of Paragon regarding the first incident may, or may not, affect the ability to be awarded or determine proper and complete relief.

In addition, it is beyond dispute that:

[a] federal court must have subject matter jurisdiction in order to hear a case. Subject matter jurisdiction in federal court falls within two categories of disputes:

> (1) diversity cases pursuant to 28 U.S.C. § 1332, encompassing disputes between citizens of different states alleging an amount-in-controversy in excess of $ 75,000; and (2) federal question cases pursuant to 28 U.S.C. § 1331, encompassing those disputes 'arising under the Constitution, laws, or treaties of the United States.'

Scioscia v. Target Corp., No. 08-2593, 2008 U.S. Dist. LEXIS 53508, at *3 (D.N.J. July 14, 2008). "[F]or diversity jurisdiction to attach, all parties on one side of a litigation must be of a different citizenship from all of those on the other." Carlsberg Resources, Corp. v. Cambria Sav. & Loan Assoc., 554 F.2d 1254, 1258 (3d Cir. 1977). Because Executive Risk-Paragon is a necessary party that operates its principal place of business in Warren, New Jersey, and should have been or should be joined in this action, diversity jurisdiction no longer exists in that defendants FDC, MSG, and W.J. Malone are all domiciled and located in New Jersey. Because the Court therefore no longer has diversity jurisdiction, the Court grants FDC's and W.J. Malone's motion to dismiss.

Given the Court's holding dismissing Landmark-Paragon's Amended Complaint for lack of jurisdiction and for failure to join an indispensable party, the Court will deny MSG's motions to dismiss as moot.

### III. CONCLUSION

For the foregoing reasons, the Court grants FDC's and W.J. Malone's motion to dismiss (Doc. Nos. 44, 46), and the Court denies MSG's motions to dismiss as moot (Doc. Nos. 38, 39, 40). An appropriate form of order accompanies this opinion.

Dated: May 6, 2010

                                             s/ Garrett E. Brown, Jr.
                                       GARRETT E. BROWN, JR., U.S.D.J.